IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| BENJAMIN TVERETINOV, | ) | Civil No. 05-1413-PA |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF PORTLAND, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PANNER, Judge.**

On September 18, 2006, Magistrate Judge Ashmanskas filed his Findings and Recommendation ("F&R") (docket # 40), recommending that Defendants' Motions to Dismiss be granted in part and denied in part. Plaintiff timely filed objections. The matter is now before me for *de novo* review pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

Plaintiff alleges that on the evening of September 27, 2003, he was beaten by three Portland police officers. Plaintiff commenced this action on September 12, 2005, within the two-year statute of limitations. The F&R acknowledges that Plaintiff's 42 U.S.C. § 1983 claims are timely under the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 3 (for purposes of statute of

1 - ORDER

limitations, an action commences when it is filed). However, the F&R recommends that state rules be applied instead to determine whether Plaintiff's federal law claims were timely filed. Under Oregon law, an action commences when the complaint and summons are served rather than when the action is filed. ORS 12.020(1). If a complaint is served within sixty days after filing, it relates back to the date of filing. ORS 12.020(2). The F&R then concludes that service was not properly completed within the sixty day period, hence the § 1983 claims are untimely.

The F&R erred by applying Oregon law to determine when this § 1983 action "commenced." The Ninth Circuit has expressly held "that a § 1983 action is commenced in federal district court for purposes of the statute of limitations when the complaint is filed." <u>Sain v. City of Bend</u>, 309 F.3d 1134, 1138 (9th Cir. 2002) (an appeal from the District of Oregon). <u>Sain</u> correctly distinguishes between a diversity claim created by state law, and a § 1983 claim which is a creature of federal law.

The holding in <u>Sain</u> comports with United States Supreme Court precedent on this issue:

> [W]hen the underlying cause of action is based on federal law and the absence of an express federal statute of limitations makes it necessary to borrow a limitations period from another statute, the action is not barred if it has been "commenced" in compliance with Rule 3 within the borrowed period. We decline respondents' invitation to require that when a federal court borrows a statute of limitations to apply to a federal cause of action, the statute of limitation's provisions for service must necessarily also be followed . . . .

2 - ORDER

<u>West v. Conrail</u>, 481 U.S. 35, 39 (1987) (footnote and internal citation omitted).

> Inevitably our resolution of cases or controversies requires us to close interstices in federal law from time to time, but when it is necessary for us to borrow a statute of limitations for a federal cause of action, we borrow no more than necessary.  Here, because of the availability of Rule 3, there is no lacuna as to whether the action was brought within the borrowed limitations period.

<u>Id.</u> at 39-40 (footnote omitted).

<u>Sain</u> and <u>West</u> leave no doubt as to the correct resolution of this question.  Accordingly, the police officers' motion to dismiss on statute of limitations grounds must be denied.

Next, the City of Portland asks that the First Amended Complaint be dismissed as time-barred because, in the City's view, the allegations therein do not relate back to the allegations in the original Complaint.  The F&R recommends that this motion be denied.  I agree with that recommendation.

The City also requests that the Amended Complaint be dismissed for failure to allege a valid theory of municipal liability.  The F&R recommends that this motion be denied.  Again, I agree with the Magistrate Judge's recommendation.

Finally, the City moves to dismiss any stand-alone Fourteenth Amendment claim (as opposed to a claim premised upon violations of other amendments made applicable to the states through the Fourteenth Amendment).  A careful reading of the Amended Complaint reveals no such claim, and Plaintiff disclaims any intent to assert such claim.  The motion is therefore moot.

3 - ORDER

## **Conclusion**

The Findings and Recommendation (# 40) by Magistrate Judge Ashmanskas are adopted with the one exception noted above.  The Motion (# 23) to Dismiss by the individual police officers is denied.  The Motions (## 29 and 35) to Dismiss by the City of Portland are denied.

IT IS SO ORDERED.

DATED this 20th day of October, 2006.

/s/  Owen M. Panner
_____
Owen M. Panner
United States District Judge

4 - ORDER